# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1907
Lower Tribunal No. 93-29380
_____

**Eugene Allen,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Eugene Allen, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before LAGOA, EMAS and SCALES, JJ.

SCALES, J.

Eugene Allen files this petition for writ of certiorari seeking to compel the Department of Corrections ("DOC") to restore gain time he previously forfeited due to violation of his conditional release. We deny the writ without prejudice to Allen obtaining a final order from DOC from which Allen can seek mandamus relief in the circuit court.

"The proper remedy to compel an award of gain time is a petition for writ of mandamus filed in the circuit court *after administrative procedures through DOC have been exhausted*." Duggan v. Dep't of Corrections, 665 So. 2d 1152, 1153 (Fla. 5th DCA 1996) (emphasis added). While not entirely clear on the scant record before us, it appears the trial court found that it was without jurisdiction to consider, and therefore denied, Allen's petition for writ of mandamus because Allen did not exhaust DOC administrative procedures prior to seeking relief in the circuit court. Specifically, the only thing in the record before us is an unsigned memorandum—purportedly from someone working at the Bureau of Classification Management for DOC to Everglades Correctional Institution, where Allen is currently incarcerated—which states that Allen is ineligible for restoration of gain time.

While Allen may have initiated an administrative remedy, it does not appear to us that DOC has taken final action in this matter. Therefore, it appears the trial court properly denied Allen's mandamus petition because it lacked jurisdiction.

2

Similarly we deny Allen's petition for writ of certiorari without prejudice so that Allen may exhaust his administrative remedies and, if unsuccessful, file a petition for writ of mandamus in the circuit court.

Petition denied.